**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROCKY M. CONTRERAS,<br><br>                    Plaintiff,<br>  vs.<br><br>CHARLES LULLEY; LIBERTY EAGLE, VESSEL; LIBERTY MARITIME CORPORATION,<br><br>                    Defendants. | CASE NO. 09-CV-53-H (AJB)<br><br>**ORDER**<br><br>**(1) GRANTING MOTION FOR TEMPORARY CONTINUANCE; AND**<br><br>**(2) DENYING MOTION FOR CHANGE OF VENUE** |

On January 14, 2009, Plaintiff Rocky M. Contreras filed a complaint in this Court against Defendants Charles Lulley, Liberty Eagle, and Liberty Maritime Corporation ("Liberty"). (Doc. No. 1.) On August 5, 2009, Liberty filed its answer. (Doc. No. 15.) On November 2, 2009, Liberty filed a motion to dismiss Plaintiff's complaint. (Doc. No. 29.) On January 14, 2010, Plaintiff filed his response in opposition. (Doc. No. 46.) On January 25, 2010, Defendant filed its reply. (Doc. No. 47.) On January 26, 2010, the Court determined this matter to be appropriate for resolution without oral argument and submitted it on the parties' papers. (Doc. No. 48.) On February 16, 2010, Plaintiff filed a motion for change of venue and motion to continue the case while the Court considers the motion for change of

venue.[1] (Doc. No. 53.) On February 18, 2010, the Court requested briefing from Defendants in response to Plaintiff's motion for change of venue. (Doc. No. 54.) On March 4, 2010, Defendants filed their response in opposition to Plaintiff's motion. (Doc. No. 57.) For the following reasons, the Court GRANTS Plaintiff's motion to continue and DENIES Plaintiff's motion for change of venue.

## Discussion

Plaintiff's motion requests a change of venue from the United States District Court for the Southern District of California to the United States District Court for the Eastern District of California. (Doc. No. 53-1 at 1.) Plaintiff also seeks a continuance "pending the request for change of venue." (Id. at 2.) Plaintiff alleges that the convenience of parties and witnesses and the interest of justice warrant the transfer. (Id.) Plaintiff alleges that the current venue is a six-hour drive from his home, while the United States District Court for the Eastern District of California is only a 45-minute drive. (Id. at 1.) Under the applicable venue provisions, however, the defendant's residence may be relevant, but the plaintiff's residence is irrelevant.

A district court may transfer any civil action "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district or division where it might have been brought. 28 U.S.C. § 1404(a). A civil action where the jurisdiction is not founded on diversity of citizenship may be brought only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

---

[1] Plaintiff filed similar motions in his other two cases pending before this Court: Contreras v. Liberty Maritime Corporation et al., 09-CV-231-H (AJB); and Contreras v. Mahan et al., 09-CV-19-H (WMC).

On January 14, 2009, Plaintiff brought this action in the United States District Court for the Southern District of California.[2] (Doc. No. 1.) Plaintiff's First Amended Complaint alleges:

> Assignment to the U.S. District Court/Southern District of California is proper even though the original violations occurred at sea aboard the U.S. Flagship Liberty Eagle, the violations were numerously repeated after returning to U.S. soil, most substantially in California. The most recent of these violations occurred again on August 19, 2008 in San Diego county . . . .

(Doc. No. 11, FAC at 1.) In their opposition to Plaintiff's motion for change of venue, Defendants argue that the Eastern District is not the forum where this action might have been brought, because it lacks any significant contact with the activities alleged in the complaint. (Doc. No. 57 at 8.) The Court agrees. Neither Plaintiff's motion, nor his complaint, demonstrate any connection this action may have with the Eastern District of California. See 28 U.S.C. § 1404(a). None of the Defendants reside in the Eastern District.[3] Defendant Liberty Maritime Corporation does not have offices or employees in the Eastern District of California. (Doc. No. 57-1, Campbell Decl. ¶ 2.) None of the events giving rise to the complaint occurred in the Eastern District. (See FAC.) Because this action could not have been brought in the Eastern District, transfer to that district is not proper. See 28 U.S.C. §§ 1391(b), 1404(a). Accordingly, the Court DENIES Plaintiff's motion for change of venue.

///
///
///

---

[2] The Court notes that Plaintiff filed multiple cases in the Southern District: Contreras v. McKenna et al., 08-CV-44-BEN (WMC); Contreras v. Brudzinski, 08-CV-1154-JLS (POR); Contreras v. Vazquez, 08-CV-1362-BEN (WMC); Contreras v. Mahan et al., 09-CV-19-H (WMC); Contreras v. Lulley et al., 09-CV-53-H (AJB); Contreras v. Liberty Maritime Corporation et al., 09-CV-231-H (AJB); Contreras v. Vazquez et al., 09-CV-1267-IEG (CAB); and Contreras v. Vasquez et al., 09-CV-2359-IEG (CAB).

[3] Defendant Liberty's address is 1979 Marcus 14 Avenue, Suite 200, Lake Success, New York 11042. (See Doc. No. 11, FAC; Doc. No. 15, Liberty's Answer, ¶ 6.) Defendant Lulley resides in San Diego. (FAC.)

**Conclusion**

For the reasons above, the Court GRANTS Plaintiff's motion for temporary continuance pending the Court's ruling on the motion for change of venue, and DENIES Plaintiff's motion for change of venue.

**IT IS SO ORDERED.**

DATED: March 12, 2010

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT